Case 1:13-cv-00429-JTN ECF No. 1 filed 04/18/13 PageID.1 Page 1 of 15

FILED - KZ
April 18, 2013 1:20 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
bd / ___ Scanned by /bd/ 4-19

UNITED STATES OF AMERICA
In the Federal District Court For The Western District Of Michigan

**JUSTIN MORSE,**
    Plaintiff,

V

**BARRY COUNTY, BARRY COUNTY SHERIFF DEPARTMENT, DAR LEAF, BARRY COUNTY PROSECUTOR'S OFFICE, MICHIGAN STATE POLICE DEPARTMENT, INDIVIDUAL MICHIGAN STATE POLICE OFFICERS, and, THOMAS EVANS,**
    Defendants.

HON.:

FILE No.:

1:13-cv-00429
Janet T. Neff
U.S. District Judge

\* \* \* \* \* \* \* \* \* \*

Michael A. Roth (P41411)
Law Offices Of Michael A. Roth, PLC
Attorney For Plaintiff
321 S. Kalamazoo Mall
PO Box 50111
Kalamazoo, MI 49005
269.491.1824

\* \* \* \* \* \* \* \* \* \*

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), (4).

2. Additional constitutional and common law claims include

   a. Violations of the 14th Amendment of the United States Constitution;

   b. Violations of the 8th Amendment of the United States Constitution;

   c. Assault and battery;

1

   d. False Imprisonment; and

   e. Malicious prosecution.

3. Plaintiff currently resides at 7077 Boysen Road, Shelbyville, MI 49344, located in Barry County, Michigan.

4. Defendant Barry County Sheriff's Department is located at 1212 West State Street, Hastings, MI 49058 located in Barry County.

5. Defendant Dar Leaf was the duly elected or appointed Sheriff of Barry County at all material times alleged in this complaint.

6. Defendant Dar Leaf's principal place of employment is located at the Barry County Sheriff's Department, 1212 West State Street, Hastings, MI 49058.

7. On information and belief, plaintiff states that Dar Leaf's personal residence is located in Barry County.

8. Defendant Barry County Prosecutor's Office is located at 206 W. Court Street, No. 201, Hastings, MI 49058 and is located in Barry County.

9. Defendant Thomas Evans was the duly elected or appointed Prosecutor of Barry County at all material times alleged in this complaint.

10. Defendant Thomas Evans's principal place of employment was at the Barry County Prosecutor's Office, located at 206 W. Court Street, No. 201, Hastings, MI 49058 and is located in Barry County.

11. When the events alleged in this complaint occurred, Defendant deputies were acting within the scope of their employment and under color of law.

12. At all material times, Defendant Barry County employed all agents and employees of Defendant Barry County Sheriff's Department, Defendant Dar Leaf, Defendant Thomas Evans, and Defendant Barry County Prosecutor's Offices and is therefore vicariously and directly liable for their acts.

13. Barry County is also liable because of its policies, practices, and customs, which lead to this complaint of violation.

14. Officers identifying themselves as Michigan State Police were involved in taking custody of plaintiff on the day in question.

15. Defendant Michigan State Police Department is located at 333 South Grand Avenue, PO Box 30634, Lansing, Michigan 48909-0634, located within Ingham County.

16. Defendant Michigan State Police Department at all material times, employed all its agents and employees and is therefore vicariously and directly liable for their agents and employees' acts.

17. Defendant Michigan State Police Department is also liable because of its policies, practices, and customs, which lead to this complaint of violation.

18. All acts complained of occurred in Barry County.

19. Plaintiff's damages exceed $ 25,000.00.

## FACTS

20. Plaintiff incorporates paragraphs 1 through 19 by reference.

21. On April 27, 2011, plaintiff suffered an apparent seizure due to his lifelong condition of epilepsy.

22. Plaintiff states that his friends called 911 requesting medical assistance due to his apparent seizure.

23. At the time of this occurrence Plaintiff was located at and resided on Marsh Road, Plainwell, Michigan located within Barry County.

24. First responders included emergency medical technicians from Wayland Michigan.

25. Defendant Michigan State Police officers gave assurances to plaintiff's friends that Plaintiff would be taken into protective custody and transported to the nearest medical facility for observation and treatment.

26. Defendant Michigan State Police Officers brought plaintiff to the Barry County Jail where he remained incarcerated for over 5 days.

27. Defendant was given no medical examination or medical treatment.

28. Defendant was never charged with, arraigned on, or convicted of a criminal offense.

29. Plaintiff has had a lifelong condition of mental illness.

30. Plaintiff had the following physical and mental impairments:
a. anxiety disorder;
b. bipolar disorder
c. chronic pain syndrome;
d. depressive disorder;
e. spinal stenosis of the lumbar region;

5

    f. benign essential hypertension;

    g. post traumatic stress disorder;

    h. attention deficit hyperactivity disorder;

    i. chronic back pain;

    j. foraminal stenosis with spondylitis;

    k. headaches; and

    l. epilepsy.

30. Plaintiff was required to take the following medications:

    a. Norco tablets;

    b. Seroquel tablets;

    c. Xanax tablets;

    d. Celexa;

    e. Tegretol;

31. Defendants knew of plaintiff's history of mental illness through previous contacts as well as what plaintiff's friends and plaintiff's mother told them.

32. Defendants knew of plaintiff's need for medication through previous contact as well as what plaintiff's friends and plaintiff's mother told them.

## COUNT I
## VIOLATION OF PLAINTIFF'S 14TH AMEND RIGHTS TO SUBSTINATIVE AND PROCEDURAL DUE PROCESS

33. Plaintiff incorporates paragraphs one through 32 by reference.

34. Plaintiff's constitutionally protected rights that Defendants violated include the following:

   a. his right to liberty protected in the substantive and procedural component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection,

   b. his right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

   c. the right to be informed of the probable cause for being arrested and taken into physical custody, timely written notice of any formal charges, prompt appearance and arraignment at the earliest possible time before a magistrate or judge, the right to reasonable bond and the assistance of counsel.

35. Defendants acting under color of State law, took Plaintiff into physical police custody, not allowing his transfer by medical personnel to the hospital.

36. In doing so, they established a special custodial relationship with Plaintiff giving rise to affirmative duties on their part to secure for him the constitutionally protected rights identified above.

37. Defendants' unlawful and unwarranted custody without probable cause or legal justification is a direct and proximate cause of the subsequent deprivation of Plaintiff's constitutional rights described above.

38. Defendants, acting under color of State law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

39. Defendants' actions in detaining Plaintiff, given his medical condition, showed deliberate indifference to Plaintiff's serious medical needs and was a deprivation of his constitutionally protected rights.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical and emotional injury, loss of freedom and other constitutionally protected rights described above.

41. Defendants acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

42. As a direct and proximate result of these policies, practices and customs, Plaintiff was deprived of his constitutionally protected rights described above.

## COUNT II
## ASSAULT AND BATTERY

43. Plaintiff incorporates paragraphs 1 through 42 by reference.

44. The event producing the original injury occurred in Barry County, Michigan.

45. The amount in controversy exceeds $25,000, exclusive of interest and costs.

46. On April 27, 2011 Plaintiff was lawfully on the premises of his friend.

47. At that time and place, Defendant Michigan State Police Officers made an intentional and unlawful threat to do bodily injury to Plaintiff by placing him under unlawful arrest without probable cause.

48. At that time and place, Defendant Michigan State Police Officers made an intentional and unlawful battery to Plaintiff by placing him under unlawful arrest without probable cause or reasonable suspicion.

49. Plaintiff was not engaged in any criminal activity nor was any reported to any authorities.

50. Plaintiff further states that he was having a seizure when an emergency call was made to 911 dispatch requesting emergency medical services.

51. Plaintiff was mentally ill.

52. Defendants Barry County, Barry County Sheriff Department, and Barry County Sheriff Dar Leaf committed continuous assault and battery by moving plaintiff from cell to cell, from cell to other locations and non consensual touching against plaintiff in all transfers occurring during his period of incarceration.

53. Plaintiff states that his arrest and incarceration in the Barry County Jail was without formal charge, complaint, warrant, arraignment, or probable cause.

54. The threat to Plaintiff was made under circumstances that created in him a well-founded fear of imminent peril.

55. As a direct and proximate result of all Defendants' assault and battery of Plaintiff, Plaintiff suffered past, present and future physical and emotional injury including but not limited to the following:
    a. pain, suffering, and emotional distress;
    b. humiliation, mortification, and embarrassment;
    c. medical expense;
    d. exacerbation of all pre existing medical and mental health conditions; and

e. other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

## COUNT III
## FALSE IMPRISONMENT

56. Plaintiff incorporates paragraphs 1 through 55 by reference.

57. All Defendants, either individually or through principles of respondeat superior, physically restrained Plaintiff and deprived him of his personal liberty and freedom of movement for a period of well over 5 days, all with the intention of confining him.

58. Plaintiff was conscious of his confinement at many or at all times relevant hereto.

59. Defendants Barry County Prosecutor's office and Barry County Prosecutor Thomas Evans knew of all events leading up to and resulting in plaintiff's wrongful incarceration.

60. Despite being empowered and ethically obligated to prevent such wrongful incarceration, Defendants Barry County Prosecutor's office and Barry County Prosecutor Thomas Evans failed to take any action to terminate plaintiff's wrongful incarceration.

62. All of Defendants actions directly resulted in the actual confinement of the Plaintiff.

63. The imprisonment and restraint were against Plaintiff's will and consent.

64. Defendants accomplished the imprisonment and restraint by actual physical force.

65. The deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without charge, complaint, warrant, arraignment, or probable cause.

66. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

67. As a direct and proximate result of Defendants' false imprisonment, detention, and investigation, Plaintiff has suffered injury and damage including the following:
    a. pain, suffering, and emotional distress
    b. humiliation, mortification, and embarrassment
    c. medical expense
    d. exacerbation of all pre existing medical and mental health conditions

e. other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

## Count IV
### EIGHTH AMENDMENT VIOLATIONS

68. Plaintiffs incorporate by reference paragraphs 1 through 67.

69. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail shall not be required nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

70. Defendants' decisions to detain Plaintiff while knowing his medical condition and knowing that he could be immediately transported to the local hospital facility violated Plaintiff's constitutionally protected Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs.

71. Defendants' decisions to take Plaintiff into their custody, creating a special relationship with him, violated Plaintiff's constitutionally protected Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs.

72. Defendants' decision to detain Plaintiff showed deliberate indifference to the serious medical needs of Plaintiff. This violated his constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

73. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

74. As a direct and proximate result of Defendants' false imprisonment, detention, and investigation, Plaintiff has suffered injury and damage including the following:

    a. pain, suffering, and emotional distress

    b. humiliation, mortification, and embarrassment

    c. medical expense

    d. exacerbation of all pre existing medical and mental health conditions

    e. other injuries and damages and consequences that are found to be related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

PLAINTIFFS REQUEST that this court enter judgment against Defendants in an amount consistent with the damages sustained.

Dated: March 29, 2013

_____
Michael A. Roth (P41411)
Law Offices Of Michael A. Roth, PLC
321 S. Kalamazoo Mall
PO Box 50111
Kalamazoo, MI 49005
269.491.1824

15